B. G. TRAYNHAM, plaintiff in error, *vs.* PERRY & DENTON, defendants in error.

When the case purports to be a claim case, but no claim affidavit or bond is found in the record, this court cannot reverse the judgment of the court below declaring the property subject, more especially, where that judgment, though mentioned in the bill of exceptions, is not sent up as a part of the record.

Traynham *vs.* Perry & Denton.

Practice in the Supreme Court.   July Term, 1876.

Reported in the opinion.

CRAWFORD & WILLIAMSON, by brief, for plaintiff in error.

D. B. SANFORD, by Z. D. HARRISON, for defendant.

BLECKLEY, Judge.

Whoever becomes a plaintiff in error undertakes to produce in this court a judgment, and to prove it erroneous by the record and the law applicable thereto.   To the record of a claim case, the affidavit and usually the bond prescribed by statute, are essential.   Without these, certainly without the former, it would be impossible for the so-called claimant to have any legal judgment in his favor, either here or in the court below.   Whatever reason might be given for ordering the execution to proceed, the order would be right, and should not be disturbed.   The record before us is certified by the clerk to be complete.   There is no suggestion by either party that it is not so.   It, however, contains no affidavit or bond, and thus, according to it, the plaintiff in error had no right to arrest the progress of the execution against the property under levy.   A further defect in the record is, that the order or judgment complained of is not set forth as a part of it. Tested by the record, there is nothing to reverse.   The bill of exceptions, it is true, states that a judgment was rendered, but if so, why is it not produced?   The office of the bill of exceptions is to supplement the record, not to supply it.   A judgment of the superior court is matter of record, and must appear in this court by the transcript, under the clerk's certificate, in order to obtain a reversal.

Judgment affirmed.